IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

FILED

IN RE: SUBPOENA ISSUED TO
DIGITAL OCEAN, INC.

1545
Case No. 3:18MJ___ (RMS)

**Filed Under Seal**

2018 OCT -4 P 1: 32

U.S. DISTRICT COURT
NEW HAVEN, CT.

## APPLICATION FOR ORDER COMMANDING DIGITAL OCEAN, INC.
## NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order DIGITAL OCEAN, INC. not to notify

any person (including the subscribers or customers of the account(s) listed in the subpoena) of

the existence of the attached subpoena, for the period of 365 days, or until October 4, 2019, or

until further order of the Court.

DIGITAL OCEAN, INC. is a provider of an electronic communication service, as

defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. §

2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which

requires DIGITAL OCEAN, INC. to disclose certain records and information to the United

States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a

provider of electronic communications service or remote computing service to whom a warrant,

subpoena, or court order is directed, for such period as the court deems appropriate, not to notify

any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to



Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached

Order directing DIGITAL OCEAN, INC. not to disclose the existence or content of the attached

subpoena, except that DIGITAL OCEAN, INC. may disclose the attached subpoena to an

attorney for DIGITAL OCEAN, INC. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any

resulting order be sealed until further order of the Court. As explained above, these documents

discuss an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation. Accordingly, there is good cause to seal these documents because their

premature disclosure may seriously jeopardize that investigation.

Executed on October 4, 2018.

> JOHN H. DURHAM
> UNITED STATES ATTORNEY
>
> DAVID T. HUANG
> ASSISTANT U.S. ATTORNEY
> Federal Bar No. CT30434
> 157 Church Street, 25th Floor
> New Haven, CT 06510















