IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENA ISSUED TO DIGITAL OCEAN, INC. | Case No. 3:18MJ1545 (RMS)<br><br>September 23, 2019<br><br>**Filed Under Seal** |

APPLICATION FOR RENEWED ORDER COMMANDING DIGITAL OCEAN, INC.
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States requests that the Court order DIGITAL OCEAN, INC. (hereinafter "the Provider") to continue not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of grand jury subpoena ▓▓▓ (hereinafter "the Subpoena"), until and through April 2, 2020, or until further order of the Court, whichever is earlier. The Court had previously entered a nondisclosure order on October 4, 2018, to the Provider, which is set to expire on October 2, 2019.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which is available for the Court's inspection but will not be filed under seal. The Subpoena required the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, the proposed renewed order would be appropriate because the Subpoena



Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For

2

the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until April 2, 2020, except that the Provider may disclose the Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until April 2, 2020, or until further order of the Court, whichever is earlier. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        */s/ David T. Huang*

        DAVID T. HUANG
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. ct30434
        157 Church Street, 25th Floor
        New Haven, CT 06510

IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENA ISSUED TO DIGITAL OCEAN, INC. | Case No. 3:18MJ1543 (RMS) **Filed Under Seal** |

## RENEWED NONDISCLOSURE ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue a Renewed Order commanding DIGITAL OCEAN, INC. (hereinafter "the Provider"), an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoena ▌ (hereinafter "the Subpoena"), until and through April 2, 2020, or until further order of the Court, whichever is earlier.

▌

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that the Provider shall not disclose the existence of the Subpoena until and through April 2, 2020, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that the Provider may disclose the Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Renewed Order are sealed until April 2, 2020, or until otherwise ordered by the Court, whichever is earlier.

_____     _____
Date                                                    HONORABLE ROBERT M. SPECTOR
                                                        United States Magistrate Judge

2